UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JACOB KILLER,                                          Case No. 21 CV 8132 (VSB)

                        Plaintiff,

                                                      **AMENDED COMPLAINT**

        -against-
                                                      JURY DEMAND

THE CITY OF NEW YORK, DETECTIVE PEDRO
ROMERO [TAX REG. #934130], P.O. MICHAEL
G. LENDOR [TAX REG. #964114], SERGEANT
KURWIN KLIEN [TAX REG. #942016], P.O.
MAXWELL BALTZER [TAX REG. #956409],
P.O. ERIC HOCHHAUSER [TAX REG. #957679],
SERGEANT JOREYNI Y. MARTINEZ [TAX REG.
#947802], LIEUTENANT KEVIN J. PAYNTER
[TAX REG. #919543], LIEUTENANT MICHAEL J.
DISANTO [TAX REG. #945669], and JOHN DOE
AND JANE DOE #1-5 (the names John and Jane Doe
being fictitious, as the true names are presently unknown),
                        Defendants.
-----------------------------------------------------------------------X

Plaintiff, JACOB KILLER, by his attorney, The Law Offices of UGO UZOH, P.C.,
complaining of the defendants herein, The City of New York, Detective Pedro Romero
[Tax Reg. #934130], P.O. Michael G. Lendor [Tax Reg. #964114], Sergeant Kurwin
Klien [Tax Reg. #942016], P.O. Maxwell Baltzer [Tax Reg. #956409], P.O. Eric
Hochhauser [Tax Reg. #957679], Sergeant Joreyni Y. Martinez [Tax Reg. #947802],
Lieutenant Kevin J. Paynter [Tax Reg. #919543], Lieutenant Michael J. Disanto [Tax
Reg. #945669], and John Doe and Jane Doe #1-5 (collectively, "Defendants"),
respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action at law to redress the deprivation of rights secured to the
        plaintiff under color of statute, ordinance, regulation, custom, and/or to
        redress the deprivation of rights, privileges, and immunities secured to the
        plaintiff by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth
        Amendments to the Constitution of the United States, and by Title 42 U.S.C.

§ 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.      This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

## THE PARTIES

7.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10.     Defendant Detective Pedro Romero [Tax Reg. #934130] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant P.O. Michael G. Lendor [Tax Reg. #964114] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Sergeant Kurwin Klien [Tax Reg. #942016] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendant P.O. Maxwell Baltzer [Tax Reg. #956409] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14.     Defendant P.O. Eric Hochhauser [Tax Reg. #957679] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

15.     Defendant Sergeant Joreyni Y. Martinez [Tax Reg. #947802] was at all times material herein a sergeant employed by the NYPD. She is named here in her official and individual capacities.

16.     Defendant Lieutenant Kevin J. Paynter [Tax Reg. #919543] was at all times material herein a lieutenant employed by the NYPD. He is named here in his official and individual capacities.

17.     Defendant Lieutenant Michael J. Disanto [Tax Reg. #945669] was at all times material herein a lieutenant employed by the NYPD. He is named here in his official and individual capacities.

18.     Defendants John Doe and Jane Doe #1-5 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

19.     Defendants Romero, Martinez, Paynter, and John Doe and Jane Doe are collectively referred to herein as "Romero defendants".

20.     Defendants Lendor, Klien, Baltzer, Hochhauser, Disanto, and John Doe and Jane Doe are collectively referred to herein as "Lendor defendants".

21.     Romero defendants, Lendor defendants, and John Doe and Jane Doe #1-5 are collectively referred to herein as "defendant officers".

22.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The March 21, 2019, Incident

23.       On March 21, 2019, at approximately 10:00 a.m., Romero defendants, acting in concert, arrested plaintiff without cause at or close to the corner of Amsterdam Avenue and W 146th Street, New York, New York, and charged plaintiff with various crimes including N.Y. PL 120.00 'Assault in the third degree'.

24.       Plaintiff, however, did not cause any injury to any person or individual, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

25.       Prior to the arrest, the plaintiff, who works as an Uber Eats driver, was making a delivery when he was pulled over by Romero defendants.

26.       Romero defendants proceeded to forcibly grab the plaintiff and tightly handcuffed him with his hands placed behind his back causing the plaintiff to sustain cuts and bruises on his wrists and arms.

27.       Plaintiff enquired as to the reason for the arrest.

28.       Romero defendants ignored the plaintiff's inquiries.

29.       Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

30.       Plaintiff pleaded with defendant officers to remove or loosen the handcuffs.

31.       Romero defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

32.       Romero defendants subjected the plaintiff to an illegal search.

33.       Romero defendants' illegal search of the plaintiff did not yield any contraband.

34.       Notwithstanding, Romero defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-26th Precinct.

35.       While at the precinct, Romero defendants subjected the plaintiff to an illegal and unlawful search.

36.     Romero defendants' illegal search of the plaintiff did not yield any contraband.

37.     Romero defendants interrogated the plaintiff at the precinct for a lengthy period of time asking him questions about guns and gangs.

38.     Romero defendants threatened the plaintiff with physical and/or bodily harm on multiple occasions.

39.     Plaintiff was caused to fear for his life and safety.

40.     After detaining the plaintiff at the precinct for a lengthy period of time, Romero defendants caused a legal process to issue against the plaintiff requiring the plaintiff to appear in court to defend the false charge(s) levied against him by defendants.

41.     Plaintiff subsequently appeared in the criminal court as he was directed.

42.     Eventually, the New York County District Attorney's Office declined to continue the prosecution, and the false charge(s) levied against the plaintiff was subsequently dismissed.


The October 31, 2019, Incident

43.     On October 31, 2019, at approximately 8:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 457 West 125th Street, New York, New York, and charged plaintiff with various crimes including N.Y. PL 205.30 'Resisting arrest', N.Y. PL 120.20 'Reckless endangerment in the second degree', and N.Y. PL 195.05 'Obstructing governmental administration in the second degree'.

44.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

45.     Prior to the arrest, plaintiff was on foot standing and waiting in front of a deli to buy food for his diner.

46.     As the plaintiff stood facing the deli, Lendor defendants quietly ran up to him from the back startling him in the process.

47.     Lendor defendants immediately began taunting the plaintiff and barking out
        orders for him to place his hands behind his back.

48.     When the plaintiff enquired as to what was going on, Lendor defendants
        forcibly grabbed him and slammed him down to the floor kicking, stomping,
        hitting, and punching him.

49.     Lendor defendants made certain statements seeming to indicate that they
        arrested the plaintiff for questioning them on October 30, 2019, as they were
        arresting a young man from his neighborhood.

50.     Lendor defendants indicated, among other things, that the plaintiff should
        learn to mind his own business and should no longer question their actions.

51.     Earlier on October 30, 2019, as the plaintiff was riding his scooter, he had
        briefly stopped and inquired as to the crime committed by the young man
        from his neighborhood who at the time was being manhandled by Lendor
        defendants.

52.     As Lendor defendants continued to ignore the plaintiff's inquiries and
        continued to threaten the plaintiff with arrest, the plaintiff calmly voiced his
        displeasure with the manner in which the defendants routinely treat him and
        other young black men from his neighborhood.

53.     Immediately thereafter, the plaintiff left the scene and proceeded to his
        destination in his scooter.

54.     Eventually, following his arrest on October 31, 2019, Lendor defendants
        tightly handcuffed the plaintiff with his hands placed behind his back
        causing the plaintiff to sustain cuts and bruises on his wrists and arms.

55.     Plaintiff pleaded with Lendor defendants to remove or loosen the handcuffs.

56.     Lendor defendants ignored the plaintiff's entreaties to remove or loosen the
        handcuffs.

57.     Lendor defendants subjected the plaintiff to an illegal search.

58.     Lendor defendants' illegal search of the plaintiff did not yield any
        contraband.

59.     Notwithstanding, Lendor defendants forcibly placed the plaintiff inside their
        police vehicle and transported the plaintiff to NYPD-26th Precinct.

60.     While at the precinct, Lendor defendants subjected the plaintiff to an illegal and unlawful search.

61.     Lendor defendants' illegal search of the plaintiff did not yield any contraband.

62.     Because of his injuries, plaintiff requested to be transported to the hospital for medical treatment and care.

63.     Lendor defendants refused the plaintiff's entreaties.

64.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

65.     At some point following his arrest, Lendor defendants met with prosecutors employed by the New York County District Attorney's Office.

66.     During this meeting, Lendor defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their falsified police records and reports.

67.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

68.     On or about November 1, 2021, the plaintiff was arraigned on a criminal court complaint sworn to by Lendor defendants falsely charging the plaintiff with various crimes including N.Y. PL 120.20 'Reckless endangerment in the second degree', N.Y. PL 205.30 'Resisting arrest', and N.Y. VTL 1212 'Reckless driving'.

69.     Plaintiff was eventually released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

70.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

71.     On or about January 14, 2020, the court concluding that there was no probable cause to arrest and/or prosecute the plaintiff summarily dismissed the false charges levied against the plaintiff.

72.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a

realistic opportunity to intervene to prevent the harm detailed above from occurring.

73.    Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

74.    As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

75.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76.    Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

77.    The conduct of defendant officers, as described herein, amounted to false arrest.

78.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

79.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

80.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81.    Defendant officers forwarded to the prosecutors their falsified records and statements.

82.    Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

83.     Plaintiff was arraigned on criminal court complaint(s) sworn to by defendant officers falsely charging the plaintiff with crimes.

84.     Plaintiff was required to, and did, appear in court to defend himself from the false charges levied against him with malice by defendants.

85.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

86.     Eventually, the criminal proceedings terminated in plaintiff's favor.

87.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

88.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

89.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

90.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91.     Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

92.     The plaintiff was deprived of his liberty as a result.

93.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

94.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

95.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

96.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 95 of this complaint as though fully set forth herein.

97.     Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of his person and property.

98.     The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

99.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

100.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

101.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 100 of this complaint as though fully set forth herein.

102.    The conduct of defendant officers, as described herein, amounted to excessive use of force.

103.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

104.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

105.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106.     Defendant officers denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

107.     Such conduct described herein violated plaintiff's due process rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

108.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

109.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110.     Defendant officers arrested the plaintiff in retaliation for exercising his right to be let alone and refuse to respond to police inquiry.

111.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

112.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

113.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 112 of this complaint as though fully set forth herein.

114.     Defendant officers routinely harass the plaintiff and his friends and family, and have refused to conduct any investigations concerning the plaintiff's complaints simply because he is a member of a racial/ethnic minority group.

115.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

116.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

117.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 116 of this complaint as though fully set forth herein.

118.    That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

119.    Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

120.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

121.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

122.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 121 of this complaint as though fully set forth herein.

123.    In an effort to find fault to use against the plaintiff who is an African American, defendant officers met with themselves and with several other individuals on numerous occasions (including, but not limited to, the dates of arrest) and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

124.   Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

125.   Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

ELEVENTH   CAUSE   OF   ACTION:   FAILURE   TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN  AND  MUNICIPAL  POLICY  -  against defendant City

126.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 125 of this complaint as though fully set forth herein.

127.   Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

128.   Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

129.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

130.     For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), this Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

131.     In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

132.     Notably, numerous civil rights complaints filed in this district have similarly alleged that police officers in those cases, including the defendant officers, routinely harass individuals who are members of various racial/ethnic minority groups and have refused to conduct any investigations concerning their complaints simply because of their membership of the racial/ethnic minority groups. *See*, *e.g.*, *Bobby Lopez v. City of New York* (20 CV 93); *Timothy Hampton v. City of New York* (18 CV 7755).

133.     Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause. *See*, *e.g.*, *Joel Bryant v. City of New York* (18 CV 10529); *Janette Morales v. City of New York* (17 CV 5787); *Russell Hernandez v. City of New York* (16 CV 537); *Evelyn Gomez v. City of New York* (15 CV 7293); *Clovis Seltzer v. City of New York* (15 CV 1456); *Latoya Orr v. City of New York* (14 CV 10010); *Khadijah Watkins v. City of New York* (14 CV 8108); *Maurice Culp v. City of New York* (13 CV 6913); *Kenneth Kelly v. City of New York* (13 CV 3878); *Tony Holley v. City of New York* (12 CV 6354); *Janina Jones v. City of New York* (11 CV 7043); *Shamekka Crump v. City of New York* (10 CV 1152).

134.    Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

135.    As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

136.    Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

137.    The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

138.    By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TWELFTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

139.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 138 of this complaint as though fully set forth herein.

140.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of

laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

141.    In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

142.    The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

143.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

THIRTEENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

144.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 143 of this complaint as though fully set forth herein.

145.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

146.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

147.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 146 of this complaint as though fully set forth herein.

148.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

149.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

150.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 149 of this complaint as though fully set forth herein.

151.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

152.     The conduct of the defendants, as described herein, amounted to assault and battery.

153.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

154.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 153 of this complaint as though fully set forth herein.

155.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

156.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

157.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

158.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 157 of this complaint as though fully set forth herein.

159.    Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

160.    Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

161.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

162.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

163.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

164.    Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

      a.      For compensatory damages against all defendants in an amount to be proven at trial;

      b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

      c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

      d.      For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      April 22, 2022

                    UGO UZOH, P.C.

*Ugochukwu Uzoh*

By:    Ugochukwu Uzoh
       Attorney for the Plaintiff
       56 Willoughby Street, Third Floor
       Brooklyn, N.Y. 11201
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com